IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antwan Rivers,<br><br>   Petitioner,<br><br>v.<br><br>Warden Dunbar,<br><br>   Respondent. | C/A No. 8:23-cv-0310-JFA-JDA<br><br>**ORDER** |

  Petitioner Antwan Rivers ("Petitioner"), proceeding *pro se,* commenced this action by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

  The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss this action because Petitioner has not exhausted his administrative remedies, and he has failed to demonstrate any cause or prejudice to show the exhaustion requirement should be waived. (ECF No. 7).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on January 27, 2023. *Id.* The Magistrate Judge required Petitioner to file objections by February 10, 2023. *Id.* However, Petitioner did not file any objections or otherwise respond. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner raises a single ground in his Petition. Specifically, he contends the Bureau of Prisons ("BOP") failed to properly calculate his sentence and he asks this Court to order the BOP to award him credit for previous time served. The Magistrate Judge finds, and this Court agrees that the Petition is not ripe for review because Petitioner has failed to exhaust the requisite administrative remedies prior to commencing suit pursuant to § 2241. *See McClung v. Shearin,* 90 F. App'x 444, 445 (4th Cir. 2004). Petitioner admits he field a grievance at FCI Williamsburg on November 20, 2022, but it is still pending. As the Report states, this Court cannot consider his Petition until BOP is able to resolve his administrative grievance and make a determination as to whether his sentence was properly calculated or not.

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 7). Thus, Petitioner's Petition is

dismissed without prejudice for failure to exhaust his administrative remedies. (ECF No. 1).

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

March 6, 2023
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).